**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Jules Leon Koffi  Adjanohoun, | ) | |
| Petitioner, | ) | |
| | ) | Civil No. 26-833 |
| v. | ) | |
| | ) | |
| US ICE, et. al., | ) | |
| Respondents. | ) | |

**MEMORANDUM OPINION**

Pending before the court is a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 4) filed by Jules Leon Koffi  Adjanohoun ("Adjanohoun"), with eight attachments.  US ICE, et.al. (collectively, "Respondents") filed a response in opposition (ECF No. 8).  The petition is ripe for decision.

Adjanohoun, a citizen of Benin, asserts that his continued detention violates due process. Adjanohoun asserts a variety of other accusations dating back to 2008, involving alleged lies by immigration agents to a federal judge, whistleblower advice, a grievance against his former attorney, a civil rights complaint, destruction of documents, lack of mental health treatment (*see* ECF No. 4-7 at 7, referencing weekly trauma therapy), correspondence with the White House and efforts to serve his veterans family and protect his wife (ECF No. 4).  He notes that he was subject to a final decision by an immigration judge in 2010 (ECF No. 4-2 at 2).

The government argues the petition should be denied because Adjanohoun: (1) participated in marriage fraud; (2) failed to voluntarily depart as instructed; (3) is subject to a final removal order and detained pursuant to 8 U.S.C. § 1231; and (4) was placed into "failure to comply status" for not cooperating with his removal.  The government contends that Adjanohoun's other allegations are not properly presented by way of a habeas petition.

The government provided substantial additional information that was not readily apparent from Adjanohoun's petition.  The government submitted a declaration dated May 27, 2026, from deportation officer Deven Bickle ("Bickle") (ECF No. 8-1).  Bickle represented that in 2006, Adjanohoun submitted a form I-130 to USCIS based on his marriage to Dorotha Clay ("Clay").  On August 20, 2008, during an interview with the United States Customs and Immigration Service ("USCIS"), Clay indicated she was provided with money and gifts in exchange for marrying Adjanohoun and withdrew her petition on Adjanohoun's behalf because it was a fraudulent marriage to obtain an immigration benefit for him.  ECF No. 8-1 ¶¶ 5-8.  The same day, Adjanohoun's I-485 application was denied and he was placed into removal proceedings.  *Id.*  ¶¶ 9-10.  On August 30, 2010, USCIS denied Adjanohoun's I-130 petition based on the sham marriage.  He appealed.  On August 31, 2010, Adjanohoun was granted voluntary departure to Benin through December 28, 2010 and was released from custody.  Adjanohoun missed numerous appointments/check-ins over the ensuing years, as recounted in the Declaration.

On November 5, 2025, Adjanohoun was placed into ICE custody.  *Id.* ¶ 45.  On May 4, 2026, Adjanohoun had a 90-day post-custody review, at which his continued custody was deemed warranted because travel documents were completed and his removal was significantly likely in the reasonably foreseeable future.  *Id.* ¶ 51.  On May 8, 2026, there was a confirmed travel itiniery for Adjanohoun's removal via Ethiopia Air.  *Id.* ¶ 52.  Adjanohoun refused to board his flight.  *Id.* ¶ 53.  Adjanohoun was placed into Failure to Comply status on May 20, 2026.  *Id.* ¶ 55.

Discussion

A.  Claims unrelated to the legality or duration of Adjanohoun's detention

The government is correct that this court lacks jurisdiction to consider Adjanohoun's claims involving inadequate medical care, as well as alleged lies by immigration agents to a federal judge, whistleblower advice, a grievance against his former attorney, a civil rights complaint and destruction of documents. A habeas petition can be used only to challenge the legality or the duration of detention; the proper means for seeking relief for a claim challenging the conditions of confinement is a civil rights action under § 1983, after any available administrative remedies have been exhausted. *Hill v. McDonough*, 547 U.S. 573, 579 (2006).

In *Eiland v. Warden Fort Dix FCI*, 634 F. App'x 87 (3d Cir. 2015) (affirming dismissal of a similar petition that asserted numerous legal theories), the court stated:  "To the extent that Eiland challenged the adequacy of the medical care he is receiving, the Warden's response to his alleged sexual assault, the conditions at the prison, improper retaliatory conduct by prison officials, and his custody level, his claims do not sound in habeas corpus." *Id.* at 89.  In *Eiland*, the Third Circuit Court of Appeals summarily affirmed that "[t]he District Court's dismissal of Eiland's § 2241 petition without prejudice to his right to file a proper civil rights action was correct." *Id.*  This court will likewise dismiss Adjanohoun's claims unrelated to the legality or duration of his detention. *See Hill*, 547 U.S. at 579.

B.  Unreasonable detention

With respect to Adjanohoun's detention, the government asserts it is proper pursuant to § 1231(a)(6), which provides:

> An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or

who has been determined by the Attorney General to be a risk to the community or **unlikely to comply with the order of removal**, **may be detained beyond the removal period** and, if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(6) (emphasis added).

The government acknowledges that Adjanohoun is beyond the mandatory 90-day removal period in § 1231(a)(1) and (2), but argues his continued detention is proper under § 1231(a)(6).  In particular, the government provided evidence that Adjanohoun is "unlikely to comply with the order of removal."  He failed to cooperate in his removal by refusing to get on his Ethiopia Air flight to be removed.  Pursuant to 8 U.S.C. § 1231(a)(1)(C):  "The removal period shall be extended beyond a period of 90 days and the alien may remain in detention during such extended period if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal."

In *Johnson v. Arteaga-Martinez*, 596 U.S. 573 (2022), the Supreme Court concluded "there is no plausible construction of the text of § 1231(a)(6) that requires the Government to provide bond hearings before immigration judges after six months of detention. . . ." *Id.* at 581.  The Court commented:  "On its face, the statute says nothing about bond hearings before immigration judges or burdens of proof, nor does it provide any other indication that such procedures are required." *Id.*   The court concludes that petitioner is properly detained pursuant to § 1231(a)(6).

The government notes that Adjanohoun's detention pursuant to § 1231 commenced in November 2025, slightly over 6 months ago.  In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court established, for the sake of uniform administration, that a 6-month period of detention was presumptively reasonable. *Zadvydas*, 533 U.S. at 701. It is only "[a]fter this 6–

4

month period, once the alien provides good reason to believe that there is no significant

likelihood of removal in the reasonably foreseeable future, the Government must respond with

evidence sufficient to rebut that showing." *Id.*

The Supreme Court further explained:

This 6–month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Id.*

The government provided evidence that it is "actively working" to remove Adjanohoun.

He would have been removed in May 2026, but that plan was frustrated by his lack of

cooperation.  The petition will be dismissed.


Conclusion

For the reasons set forth above, the Petition for Writ of Habeas Corpus (ECF No. 4), will

be denied.

An appropriate Order will be entered.

Dated:  June 9, 2026                                    BY THE COURT:

                                                        /s/ Joy Flowers Conti
                                                        Joy Flowers Conti
                                                        Senior United States District Court Judge